**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

Nos. 00-40242 and 00-40243

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILTON DAVID WALLACE,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Texas
(G-98-0013 and G-98-0015)
_____

February 12, 2001

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM[*]:

Defendant-Appellant Wilton David Wallace was convicted in each of these two cases of civil rights violations for physically abusing inmates at the Brazoria County Detention Center, where he was a jailer guarding Missouri inmates for private prison company Capital Correctional Resources, Inc. In the first case, No. 00-40242 ("the Hawthorne case"), a jury convicted Wallace of a

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

misdemeanor violation of 18 U.S.C. § 242. Wallace was videotaped kicking Missouri inmate Toby Hawthorne in the head and groin as he crawled down a hallway on the orders of prison guards during a cellblock search on September 18, 1996. In the second case, No. 00-40243 ("the Fisher case"), Appellant was convicted by a jury of a felony violation of § 242 for assaulting Clarence Fisher, another Missouri inmate, on November 7, 1996. Appellant slammed Fisher's face into the wall, knocking out one of his teeth and cutting his lip severely enough to require stitches. Wallace appeals his convictions on four grounds that apply to both cases and on a fifth claim of error arising only from the Fisher case.

First, Wallace claims that the district court abused its discretion by refusing to give his proferred jury instruction regarding a good faith defense to § 242. We have held that "a district court may refuse to submit an instruction regarding good faith if the defense of good faith is substantially covered by the charge given and the defendant has had the opportunity to argue good faith to the jury."[1] We find that Wallace's proffered jury instruction was substantially covered in the charge as a whole and did not impair his ability to present a defense. We reject Wallace's first point of error.

Second, Wallace contends that the district court abused its discretion by admitting during both trials evidence of his 1987

---

[1] United States v. Giraldi, 86 F.3d 1368, 1376 (5th Cir. 1996).

misdemeanor conviction of violating § 242, and also by admitting during the Fisher trial evidence of his conviction under the same statute in the Hawthorne case.[2]  We find that Wallace waived any objection to the admission of his prior conviction during the Hawthorne trial by "opening the door" to the evidence.[3]  More importantly, we conclude that in both cases, evidence of the prior convictions was correctly admitted under Fed. R. Civ. P. 404(b) to

prove Wallace's specific intent, absence of mistake, and knowledge that use of unjustifiable force against the inmates was unlawful.[4]

Third, Wallace argues that the district court abused its discretion by denying his motion to recuse in both trials.  This complaint is based on comments in the Hawthorne trial that the court made in chambers to attorneys for Wallace and the government after the case had gone to the jury and during its deliberations. The court expressed a concern regarding whether Wallace, his attorney, and his expert witness may have conspired to present

---

[2]  Appellant was convicted in the Hawthorne case on Oct. 9, 1999, and in the Fisher case on Oct. 29, 1999.

[3]  See Ohler v. United States, 529 U.S. 753, 120 S. Ct. 1851, 1853 (2000); United States v. Archer, 733 F.2d 354, 361 (5th Cir. 1984).  At trial, Wallace's counsel asked a witness on cross-examination if the witness was aware of the prior conviction.  Wallace did not object when the government presented evidence of his prior conviction through its next witness.

[4]  See, e.g., United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978) (en banc).

perjured testimony.  The judge made no comment on this matter before the jury.  We find that the judge's statements were within the ambit of "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings."[5]  The court's in-chambers attempt to address concerns regarding the veracity of Wallace's expert witness and possible conspiracy of counsel and the defendant with that witness does not raise a serious question about the court's appearance of impartiality or any "deep-seated . . . antagonism" toward Wallace.[6]  We reject Wallace's third point of error.

Wallace's fourth claim of error arises from the same controversy that led to his motion to recuse.  He argues that he was denied the right to effective assistance of counsel because his counsel during both trials had a conflict of interest stemming from the court's concern regarding a possible perjury conspiracy.  Under Strickland v. Washington, prejudice is presumed "if the defendant demonstrates that counsel 'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected his lawyer's performance.'"[7]  Even assuming that an actual

---

[5]  Liteky v. United States, 510 U.S. 540, 555 (1994).

[6]  Id.; see also Garcia v. Woman's Hosp., 143 F.3d 227, 230 (5th Cir. 1998); United States v. Wilson, 77 F.3d 105, 111 (5th Cir. 1996).

[7]  Strickland v. Washington, 466 U.S. 668, 692 (1984) (quoting Cuyler v. Sullivan, 446 U.S. 335, 350 (1980)); see also United States v. Greig, 967 F.2d 1018, 1021 (5th Cir. 1992) (stating that criminal defendant's right to effective assistance

4

conflict of interest existed here, we find that Wallace failed to demonstrate any specific way in which the conflict adversely affected his counsel's performance in either case. Therefore, we reject Wallace's claim of ineffective assistance of counsel grounded in the assertion of conflict of interest.

In his final claim of error, which applies only to the Fisher case, Wallace argues that his conviction was improper because he was not acting under color of Texas law. We find that when Wallace attacked Fisher, he was acting in his capacity as a jailer guarding inmates imprisoned in compliance with Texas law. He has presented no convincing evidence to show that he was not acting under color of law within the meaning of § 242. Therefore, we reject his fifth and final claim.

We conclude that each of these contentions is without merit, and therefore affirm both of Wallace's convictions.

AFFIRMED.

---

of counsel "includes the right to representation free from a conflict of interest").